NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

COLLIN BURKE FREESTONE, *Appellant.*

No. 1 CA-CR 25-0312

FILED 06-08-2026

Appeal from the Superior Court in Maricopa County
No. CR2019-154050-001
The Honorable Laura Johnson Giaquinto, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael J. Woodburn
*Counsel for Appellee*

Brown & Little, PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Veronika Fabian joined.

---

**H O W E**, Judge:

**¶1**       Collin Freestone appeals his conviction and sentence for aggravated driving while under the influence, a class 4 felony. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**       On April 21, 2019, around 2:00 a.m., an officer noticed a car drifting from side to side on the road. While observing the car, he noticed it drift into the bike lane twice for "about 100 feet" the first time and "approximately 175 feet" the second time. The officer stopped the car, which Freestone was driving with no passengers. Freestone told the officer that "he didn't have his driver's license because it was revoked" and that "he had last smoked marijuana about five or six hours prior." The officer arrested Freestone and searched his car before towing it. In the car the officer found "a hand-rolled marijuana cigarette, a joint" that was "burnt" and "still smoldering."

**¶3**       The State indicted Freestone on two counts of aggravated driving while under the influence, class 4 felonies. It later dismissed the second count. Before trial, Freestone repeatedly failed to appear, prompting the court to issue several arrest warrants. At trial on the remaining count Freestone again failed to appear. After Freestone's counsel proffered that he informed him of the date, time, and location of trial, the court found that Freestone's absence was voluntary and proceeded with trial.

**¶4**       During jury selection, prospective juror three informed the court she was an undergraduate student "currently studying criminology and psychology." When asked if "[a]nything about that that would impact your ability to serve as a juror" she responded "I do believe that it would make me not fair or impartial." The juror then explained that she "aspir[ed] to be a defense attorney" and believed she tended to be biased in favor of the defense. The court then explained the trial process and asked the juror if she would be able to "follow the instructions on the law that [it] will give you" to which the juror replied "I think I would." The court continued by

2

asking if the juror's career goals "automatically mean that you're going to lean towards defense?" The juror replied "[n]ot as, like, a oh, I'm going into it already on the defense side. It's more so I'm looking at a perspective from the defense side, seeing if the charges presented are as fair as they are."

¶5        Outside the presence of the jury, the court told counsel "[j]uror No. 3 [it] would dismiss for cause. Any objection?" Freestone's counsel objected:

> I understand the Court's proclivities, but she did say she would try. I—I think she was able to cure any doubts that I had. Initially in her discussion, I do believe that she was leaning definitely biased. But after the Court asked her some clarifying questions, Defense doesn't see any issues with her being able to look at the facts as they are and use the instructions given by the Court to determine or render a fair and impartial verdict in this particular case.

The State responded that "she did indicate her bias . . . in favor of Defense," and the court struck the juror for cause.

¶6        While cross examining the officer who arrested Freestone, defense counsel asked several questions about the length and extent of the investigation. Counsel first asked if the officer did two types of field sobriety tests:

> Q.  And did you do the [horizontal gaze nystagmus] test?
>
> A.  I did not.
>
> Q.  Did you do a field sobriety test?
>
> A.  I did not.

Counsel then asked about the timing of the arrest:

> Q.  And how long in minutes was it between your interaction with Mr. Freestone the moment you opened his door until he was in handcuffs?
>
> A.  Two minutes.
>
> Q.  Okay. So in 120 seconds you determined that this man was impaired to the slightest degree and should be arrested for DUI?

3

¶7 The State then approached the court, arguing that

I think Defense is opening the door here into—the Defendant asked for an attorney which is why the investigation was cut short. Now Defense is—he started out by asking you didn't do FSTs. You didn't do a full investigation. And now he's continuing down that path which the officer can't answer because . . . the witness can't answer because the Defendant invoked, not because of his own actions. I believe the door has been opened to at least the witness being able to say that he— the Defendant asked for an attorney or at least some explanation as to why there was no FSTs done.

Defense counsel disagreed. The court clarified:

the State's point is you're trying to tell the jury that it was a very short, cursory investigation. I think what the State is saying is that is true because he invoked and asked for an attorney. And you've led the jury down that path, and they should be able to clarify why it was such a short investigation.

Defense counsel then agreed "okay" and "[y]es, that's fine." The court cautioned the State to not "go too deep into it, but you can ask that question" stating "I'm going to let you clarify that, okay, for why the investigation was a short investigation and what happened in that point."

¶8 On redirect examination the State asked the officer

Q. he asked about field sobriety tests [that] weren't done. He also mentioned that the investigation was short. You just answer this. Did you cut it short because the Defendant asked to speak to an attorney?

A. That is correct.

Q. Defense kind of asked, you know, what was going through your mind. After—after he had asked for an attorney, is that why you decided not to do field sobriety tests or continue down that road?

A. Yes.

Q. And you allowed him a chance to talk to an attorney. Is that correct?

A. I did.

The State then "shift[ed] gears" to another line of questioning. Freestone's counsel did not object during the redirect examination.

**¶9**　　　　At the end of trial, the jury found Freestone guilty of one count of aggravated driving while under the influence, a class 4 felony. He appealed and we have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4033(A)(1).

## DISCUSSION

**¶10**　　　　Freestone argues that the superior court erred in striking a juror over his objection and by admitting evidence of his desire to speak with an attorney.

**¶11**　　　　Regarding jury selection, "[t]he court, on motion or on its own, must excuse a prospective juror or jurors from service in the case if there is a reasonable ground to believe that the juror or jurors cannot render a fair and impartial verdict." Ariz. R. Crim. P. 18.4(b). We review the court's decision to strike a juror for cause for abuse of discretion. *State v. Allen*, 253 Ariz. 306, 330 ¶ 41 (2022). We "defer to the trial judge's perceptions of the juror and question only whether the judge's findings are supported by the record." *Id.* at 331 ¶ 47. "Thus, a for-cause strike may be upheld even in the absence of clear statements from the juror that he or she is impaired because even extensive questioning may not be enough to make a juror's bias unmistakably clear." *Id.* (cleaned up).

**¶12**　　　　Juror three stated her bias for the defense "would make [her] not fair or impartial." Although she later said "[n]ot as, like, a oh, I'm going into it already on the defense side" she limited that statement by then saying "I'm looking at a perspective from the defense side, seeing if the charges presented are as fair as they are." And when asked if she would follow jury instructions, she equivocated, saying only that she *thought* she would. Taken together, the court could reasonably believe that the juror could not render a fair and impartial verdict, Ariz. R. Crim. P. 18.4(b), and its findings are supported by the record, *Allen*, 253 Ariz. at 331 ¶ 47. The court did not err.

**¶13**　　　　Freestone also argues the court erroneously admitted evidence of his desire to speak with an attorney. We review the admission of evidence for abuse of discretion. *State v. Haskie*, 242 Ariz. 582, 585 ¶ 11 (2017). Generally, evidence that a defendant invoked their right to counsel during an investigation is inadmissible. *State v. Palenkas*, 188 Ariz. 201, 210,

212 (App. 1996) (as amended). But "when a party opens the door to later, otherwise objectionable testimony, there is no error" so long as "the evidence or response . . . [is] specifically responsive to the invitation." *State v. Leyvas*, 221 Ariz. 181, 189 ¶ 25 (App. 2009) (cleaned up).

**¶14**        Here, defense counsel asked the officer about not completing field sobriety tests and the brevity of his pre-arrest investigation. *See supra* ¶ 6. Counsel's questions implied that the officer's investigation was deficient for these reasons. But the reason the officer did not conduct the field sobriety tests and cut his investigation short was because Freestone requested an attorney. The subsequent testimony establishing as much was limited to three questions confirming that (1) the reason the investigation was brief was that Freestone asked for an attorney, (2) the reason the officer did not do other sobriety tests was because Freestone asked for an attorney, and (3) Freestone received an attorney. This testimony directly responded to the invitation created by defense counsel's questioning and the court did not err in allowing it. *Leyvas*, 221 Ariz. at 189 ¶ 25.

## CONCLUSION

**¶15**        For these reasons, we affirm.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:                  JR

6